UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>  Plaintiff,<br><br>v.<br><br>SARES-REGIS GROUP, INC., et al.,<br><br>  Defendants. | Case No. 25-cv-05882-EMC   (EMC)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Docket No. 38 |

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint. Dkt. No. 38. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE**.

## I.   FACTUAL BACKGROUND

Plaintiff currently resides at 1910 N. Main St, Unit 627, Walnut Creek, CA 94596 in an apartment owned by Defendant APARTMENTS CAPITAL LLC, A D and managed by Defendant SARES REGIS GROUP RESIDENTIAL, INC. In early March of 2025, Plaintiff requested extra time for his rental payment grace period as a disability accommodation. Dkt. No. 24-1 at 7. On March 13, Defendants granted this accommodation, allowing Plaintiff to pay rent by the seventh of the month without being charged a late fee or pay-or-quit notice. *Id.* Defendants noted that if rent was not paid by the seventh of the month, the late fee would be applied and a 3-day notice served. *Id.* Shortly after being granted this accommodation, Plaintiff failed to pay rent within the extended grace period. Dkt. No. 24 at 3. After Plaintiff continued to fail to pay rent, Defendant served him with a pay-or-quit notice on July 10. *Id.* The same day, Plaintiff requested a new accommodation: that Defendant reduce his monthly rent from $2,850 to $400. *Id.* at 4. Defendant

refused this request and this lawsuit followed.

## II.   PROCEDURAL BACKGROUND

On July 14, Plaintiff filed the instant suit, seeking an ex parte temporary restraining order against his eviction. Dkt. Nos. 1-2. After a hearing, the Court granted the TRO in limited part, restraining Defendants from initiating an unlawful detainer action against Plaintiff for 28 days, and set a preliminary injunction hearing. Dkt. No. 21. After hearing the parties' oral argument, the Court denied Plaintiff's motion for preliminary injunction because Plaintiff had not shown likelihood of irreparable harm, Plaintiff had not shown the balance of hardships tipped sharply in his favor, and Plaintiff had not shown a likelihood of success on the merits. Dkt. No. 29. Plaintiff filed a motion for reconsideration, which the Court denied. Dkt. No. 33. On September 3, 2025, Plaintiff filed a FAC stating the following causes of action: 1) Fair Housing Act – disability discrimination; 2) Fair Housing Act – religious discrimination; 3) Fair Housing Act – Retaliation; 4) Americans with Disabilities Act ("ADA), Title II ; 5) Rehabilitation Act – Section 504; 6) Conspiracy to Interfere with Civil Rights; 7) Negligent Infliction of Emotional Distress; 8) Intentional Infliction of Emotional Distress; 9) Fair Housing Act – Breach of Agreed Reasonable Accommodation; 10) Discrimination. Dkt. No. 36.

On September 18, Defendants filed the instant Motion to Dismiss. Plaintiff's deadline to file a response to the Motion to Dismiss was October 2, 2025. Dkt. No. 38. Plaintiff failed to file a response to the Motion to Dismiss by October 2, and did not seek any extension of time or otherwise provide an explanation for this failure to respond, although on October 6 Plaintiff requested leave to file a Second Amended Complaint. Dkt. No. 45. On October 8, Defendants filed a Notice of Plaintiff's Non-Opposition to the Motion to Dismiss. Dkt. No. 47.

On October 10, the Court denied Plaintiff's motion for leave to amend. Dkt. No. 49. Due to Plaintiff's pro se status, the Court granted Plaintiff a sua sponte extension to respond to the Motion to Dismiss until October 16, two weeks after the response was originally due. *Id.* The Court warned Plaintiff that if Plaintiff failed to file a response to Defendant's Motion to Dismiss, the Court would grant the motion as unopposed. *Id.* Plaintiff did not file a response by October

16, and as of the entry of this Order, has still not filed a response.

Plaintiff has made other filings, however. In violation of the Court's October 10 Order that, due to Plaintiff's unprompted and voluminous filings, Plaintiff must seek leave of Court before making further filings (other than the late motion to dismiss response) Plaintiff has continued in this conduct, making five additional filings with a combined page-count of over 700 pages over the span of ten days. Dkt. Nos. 50, 51, 53, 54, 56. On October 14, Plaintiff also failed to appear at the scheduled 1:30 pm Case Management Conference hearing. Instead of appearing, Plaintiff filed a same-day motion for an "emergency hearing" for 3:30 pm that afternoon, in violation of Local Rule 7-2(a). Dkt. No. 53.

On October 20, Defendant filed a notice noting Plaintiff's continued failure to oppose its motion, despite the Court's October 16 deadline. Dkt. No. 56. Less than an hour later, Plaintiff filed a 192-page "Emergency Response to Defendants' Notice of Non-Opposition," in which he argued that his Motion for Leave to File Second Amended Complaint and proposed Second Amended Complaint constituted his opposition. Dkt. No. 56.

### III.     DISCUSSION

A motion may be granted when a party fails to oppose it. Local Rule 7-3(a-b); *Rider v. JPMorgan Chase Bank N.A.*, No. 20-CV-06888-LHK, 2021 U.S. Dist. LEXIS 12486, at *4 (N.D. Cal. Jan. 22, 2021) ("[A] district court may properly grant a motion for failure to file an opposition."; *accord, e.g.*, *Gwaduri v. INS*, 362 F.3d 1144, 1146-47, n.3 (9th Cir. 2004) (holding that it "is beyond question" that courts may grant unopposed motions). Plaintiff has not filed an opposition despite multiple warnings from Defendants and this Court. To the extent that Plaintiff relies on Rule 15, Rule 15 makes clear that a party may amend its pleadings "once as a matter of course" and in "all other cases" may amend only with leave of court or consent of the opposing party. Fed. R. Civ. Pr. 15(1)-(2). Here, the Court denied Plaintiff leave to file a Second Amended Complaint. Dkt. No. 49. The Court grants the unopposed motion to dismiss.

Beyond Plaintiffs' failure to oppose, the merits also support dismissal. Plaintiffs' 100-page First Amended Complaint states ten causes of action under various federal civil rights laws,

3

1 including the Fair Housing Act and the Americans with Disability Act, alleging disability-based
2 and religious discrimination. The FAC, like Plaintiff's other filings, devotes countless pages to
3 extraneous issues, including actions taken by non-parties such as his former employer and
4 "statistical analysis." *See e.g*. Dkt. No. 36 at 3 ("Additional evidence of systematic discrimination
5 includes the unprecedented mass recusal of all thirty-nine Contra Costa Superior Court judges on
6 July 24, 2025 (Ex. DD), ongoing seizure of essential assistive technology devices preventing
7 compliance with court-ordered treatment (Ex. EE), and cross-jurisdictional retaliation documented
8 in federal proceedings in New Jersey (Ex. FF) and employment discrimination proceedings in this
9 District (Ex. GG). The mathematical probability of these coordinated events occurring randomly is
10 less than $10^{-36}$, equivalent to selecting a specific grain of sand from all beaches on Earth."); *id.* at
11 9 ("The mathematical precision of these events—termination exactly 365 days before eviction
12 proceedings on July 15, 2025—demonstrates coordination exceeding random probability.
13 Anniversary timing analysis yields a Z-score of 10.66 standard deviations ($p < 10^{-26}$),
14 establishing presumptive evidence of conspiracy under 42 U.S.C. § 1985(3)."); *id.* at 15 ("The
15 probability of repossession occurring five days before anniversary of previous vehicle theft is less
16 than 1 in 73 ($p = 5/365 = 0.0137$)"); *id.* at 18 ("Following Plaintiff's purchase of Israeli stickers on
17 Amazon, systematic service discrimination began across multiple platforms."). The complaint
18 does not comply with Rule 8's requirement that a claim must be "short and plain." Fed. R. Civ.
19 Pro. 8(a)(2). This alone is another ground for dismissal. *See e.g, McHenry v. Renne*, 84 F.3d
20 1172, 1174 (9th Cir. 1996).

21 The core of Plaintiff's complaint, as the Court understands it, is that Defendants refused to
22 accommodate Plaintiffs' disability and medical issues. Although Defendants granted Plaintiffs'
23 request for a grace period to pay rent until the seventh day of the month, Plaintiff claims in the
24 FAC that Defendants violated this accommodation by serving a pay-or-quit notice. The complaint
25 does not address the undisputed fact that shortly after receiving this accommodation, Plaintiff
26 failed to pay rent and has not paid rent since. *See* Dkt. No. 29 (as of this August, Plaintiff's
27 arrearage was over $7,000). The FAC also omits the fact, conceded by Plaintiff at his hearing for
28 preliminary injunction, that the accommodation Defendants have failed to grant him is a rent

4

1  decrease from $2,850 to $400 until Plaintiff receives money from his other pending lawsuits and
2  disability claims. *See id.* As the Court explained in its Order denying a preliminary injunction, a
3  denial of "meaningful access" to a program due to a person's inability to "satisfy a condition of
4  eligibility because of his financial circumstances" is not a violation of the ADA. *See Weinreich v.*
5  *Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 979 (9th Cir. 1997); Dkt. No. 29. Plaintiff
6  also argues that Defendants' filing of a pay-or-quit notice was retaliation, but this notice followed
7  Plaintiffs' failure to pay rent for two months, a clear non-retaliatory basis. Dkt. No. 29. Finally,
8  all of Plaintiffs' claims of religious discrimination relate to actions by individuals that are
9  unaffiliated with Defendants, including Plaintiff's former employer Slickdeals, other employees at
10 Slickdeals, and his former girlfriend. While Plaintiff claims his former girlfriend is affiliated with
11 Defendants, the exhibits he points to do not support this. *See e.g.,* Dkt. No. 36 at 12 (citing
12 Exhibit Q at Dkt. No. 10-1 at 212); *see also* Dkt. No. 38 at 8.

13     Defendants seek dismissal with prejudice. A court may deny leave to amend after
14 considering factors such as "bad faith, undue delay, prejudice to the opposing party, futility of the
15 amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59
16 F.3d 815, 845 (9th Cir.1995). Here, the factors support dismissal with prejudice. Plaintiff has
17 already amended his complaint in September with the benefit of the Court's ruling denying his
18 preliminary injunction. Rather than providing new facts, the FAC provided additional irrelevant
19 incidents, argument, and statistics, and omitted relevant facts that Plaintiff had already admitted to
20 before the Court.

21     Plaintiff's Motion for Leave to File a Second Amended Complaint further confirms that
22 amendment would be futile. Plaintiff sought amendment to address "new developments"
23 including (1) that Defendants served another pay-or-quit notice (2) that Defendants expressed
24 willingness to participate in settlement discussions (3) that the California Civil Rights Department
25 resumed mediation proceedings in Plaintiffs' separate case there (4) that Defendants filed a joint
26 case management statements providing their positions on discovery, trial, and settlement. Dkt.
27 No. 49. As the Court explained in its order denying leave to amend, the state of settlements
28 discussions, the status of mediation in other proceedings, and Defendants' "positions on discovery,

trial, and settlement" are not relevant to Plaintiff's pleadings. *Id.* The Court found that Defendants' service of an additional pay-or-quit notice would not alter Plaintiffs' pleadings, since Defendants' basis for serving the pay-or-quit remains Plaintiff's failure to pay rent. *Id.* The SAC that Plaintiff sought to file was over 150-pages, heightening rather than curing Plaintiff's Rule 8 problem. Plaintiff's prior amendment and his proposed second amendment demonstrate that leave to amend is futile in this case. Plaintiff's case is legally meritless.

The factors of bad faith and prejudice to the opposing party also strongly support dismissal with prejudice. As noted, Plaintiff's filings in this action have been excessive, almost wholly irrelevant to the claims alleged, and have made factual statements unsupported or contradicted by the attached exhibits. Defendants have already reviewed over a thousand pages of confused and legally irrelevant filings for claims that the Court had found to lack merit even after amendment. There is no cause to require Defendants to undergo further time and litigation expense, particularly as amendment would be futile.

Finally, the Court notes that Plaintiffs' filing have contained repeated misrepresentations of Plaintiff's prior statements and actions, Defendants' actions, and the Court's own actions. This may stem from the fact that Plaintiffs' filings have likely been generated in whole or in part through Generative Artificial Intelligence. Given Plaintiff's pro se and in forma pauperis status, the Court will not issue a show cause order under Rule 11 at this time.

Accordingly, for all the reasons stated above, Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE**. The Clerk of Court is directed to enter a final judgment.

**IT IS SO ORDERED**.

Dated: October 21, 2025

_____
EDWARD M. CHEN
United States District Judge