Tiffany D. Truong (SBN 292463)
Tiffany.Truong@kts-law.com
Sean C. Mintie (SBN 344473)
Sean.Mintie@kts-law.com
KIMBALL, TIREY & ST. JOHN LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Telephone: (213) 337-0050
Facsimile:  (213) 929-2212

Attorneys for Appellees,
1910 N. MAIN STREET APARTMENTS CAPITAL LLC,
A Delaware Limited Liability Company (erroneously
sued as Noma Apartments);
SARES REGIS GROUP RESIDENTIAL, INC.
(erroneously sued as Sares-Regis Group, Inc.)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. GODDARD,<br><br>    Plaintiff,<br><br>v.<br><br>NOMA APARTMENTS; SARES-REGIS GROUP, INC.; CHRISTINA MADRID; TAI WANG; and DOES 1-20,<br><br>    Defendants. | Case No.  25-cv-05882-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXEMPTION FROM PACER FEES; DECLARATION OF TIFFANY D. TRUONG** |

Defendants hereby oppose Plaintiff's Motion for Exemption from PACER Fees. Per the Court's docket, responses and replies regarding said Motion are due today, February 12, 2026.

## I. PLAINTIFF'S HISTORY AND CONTINUED PATTERN OF EXCESSIVE FILINGS WARRANTS DENIAL OF THE PRESENT MOTION

### A. Plaintiff's Prior Filings Show He Falls Into the Category of a Vexatious Litigant

Plaintiff has a history and pattern of excessive filings which have veered into the realm of abusive and harassing. Granting Plaintiff's Motion for Exemption from PACER fees will only

- 1 -

1  continue to enable this kind of behavior. This Court has the authority to not only limit filings for
2  good cause, but to also make orders to control the filings of parties in these circumstances. (See,
3  e.g. Federal Rules of Civil Procedure, Rule 11.)

4  This Court has already recognized Plaintiff has a pattern and history of excessive filings.
5  In fact, this Court's Order on October 10, 2025 expressly stated: "This is not Plaintiff's first
6  hundred-plus page filing. Such excessive filings place an undue burden on Defendants and the
7  Court. Plaintiff is therefore **ORDERED** to seek leave of Court before making any further filings
8  other than his response brief." (Dkt. 49 [emphasis in original]) Despite the Court making such an
9  order, Plaintiff continued to file several irrelevant and excessively voluminous documents which
10 resulted in them being subsequently stricken.

11 On February 11, 2026, this Court issued an Order relating the present case with the latest
12 federal complaint filed by Plaintiff against Defendants in Case No. 3:26-cv-01237 ("New Case").
13 In said case, Plaintiff's Complaint is extremely telling as he identifies no less than **sixteen (16)**
14 pending cases he has filed in the Northern District of California, not including the latest case.
15 (See, New Case, Dkt. No. 1, pp. 12-20) Additionally, his Complaint acknowledges four (4)
16 pending cases before the Ninth Circuit Court of Appeals and 7 state court proceedings, all of
17 which he is litigating as a pro se party. (Id. at pp. 21-24)

18 This is especially concerning because Plaintiff repeatedly conflates all of his pending
19 cases together in various filings as evidenced by documents already filed in this case. Since
20 Plaintiff filed the New Case only two (2) days ago, he has already filed several meritless and
21 confusing voluminous documents in this case, the New Case, and the pending Ninth Circuit
22 Appeal arising from this Court's dismissal order demanding multiple hearings be set in violation
23 of the Local Rules and other procedural requirements. Denial of the present Motion will not stop
24 this behavior, but it will at least remove one tool at Plaintiff's disposal to continue engaging in
25 this manner.

26 **B. Plaintiff Has Used Unfettered Federal Filings to Abuse The Parties and
27      Attorneys of Record**

28 Not only has Plaintiff filed excessively voluminous and irrelevant documents throughout

1  this case and others, his filings show he is now using it to harass and abuse parties and/or
2  attorneys of record with completely unsubstantiated personal attacks. For instance, Plaintiff
3  accuses Defendants' attorney of record, Tiffany Truong, of having a conspiracy entitled
4  "Campins-Truong-Arjmand Enterprise" involving a sitting judge of the Contra Costa County
5  Superior Court and what appears to be an attorney in another case filed by Plaintiff across
6  multiple filings. (See, New Case, Dkt. 1, pp. 40, 51; Ninth Circuit Case No. 25:6676, Dkt. 36.1,
7  pp.44-45.) These are completely fabricated allegations. (Declaration of Tiffany Truong)

## II. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT REQUIRING PAYMENT OF THE PACER FEES WOULD SUBSTANTIALLY BAR HIM FROM ACCESSING THIS COURT

As the moving party, Plaintiff has failed to demonstrate the requiring he pay PACER fees, just as any other litigant, would actually substantially bar him from accessing this Court. Plaintiff's motion is filled with conclusory and self serving statements that he does not have funds to pay PACER fees. However, he has failed to explain how the currently set PACER fees pose a hardship to Plaintiff. It is unclear if he was previously exempt from PACER fees, but if he was not, it clearly has not stopped his filing of 16 separate cases before the Northern District of California. Further, all conformed copies of electronically filed documents with this Court are routinely sent via email to parties and attorneys of record and allow one free download for each filed document. If he is referencing searching of documents through the PACER system, he has the same responsibility as any other party or attorney of record who is expected to review all electronically served orders and docket updates via email, which again are free.

Denying Plaintiff's motion is not prejudicial or punitive to Plaintiff. He is just being held to the same standard as any other litigant.

## III. CONCLUSION

Given the foregoing, it is respectfully requested that this Court deny Plaintiff's motion for exemption from PACER fees. Alternatively, if this Court is inclined to grant Plaintiff's motion, Defendants request this Court impose reasonable limitations or rules on his filings, similar to that issued in this Court's Order dated October 10, 2025 (Dkt No. 49)

Dated: 2/12/26    *Respectfully submitted,*

KIMBALL, TIREY & ST. JOHN LLP

By: \_\_\_\_/s/ Tiffany D. Truong_____
Tiffany D. Truong
Attorney for Defendants

# DECLARATION OF TIFFANY D. TRUONG

1. I am an attorney at law duly licensed to practice before this Court and all the courts in the State of California. I have personal knowledge of all facts contained herein and if called as a witness I would, and could, competently testify thereto. I am a partner with the law offices of Kimball, Tirey & St. John LLP, the attorneys of record for Defendants 1910 N. MAIN STREET APARTMENTS CAPITAL LLC, A Delaware Limited Liability Company and SARES REGIS GROUP RESIDENTIAL, INC. (collectively "Defendants").

2. Plaintiff's Motion for Exemption from PACER Fees should be denied due to his history of excessive filings which created, and continue to create, an undue burden on the Courts and Defendants.

3. Plaintiff has continued to submit excessive filings with this Court, the Ninth Circuit Court of Appeals, and in state court. His filings show he is now using it to harass and abuse parties and/or attorneys of record with completely unsubstantiated personal attacks. For instance, he has accused me of being part of a conspiracy entitled "Campins-Truong-Arjmand Enterprise" involving a sitting judge of the Contra Costa County Superior Court and what appears to be an attorney in another case filed by Plaintiff across multiple filings. These are completely fabricated allegations. I have no personal relationship with said judge or attorney, nor do I recall even participating any in cases involving said individuals. I have previously demanded Plaintiff cease making baseless accusations and false claims against me, but he continues to do so both via court filings and in communications to me.

4. Plaintiff's excessive filings have caused Defendants to incur significant costs in defense of this case, the case filed in the superior court, and the two appeals submitted to the Ninth Circuit Court of Appeals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2026 at Los Angeles, California.

By:___/s/ Tiffany D. Truong_____
      Tiffany D. Truong

# PROOF OF SERVICE

I, Tiffany Truong, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Los Angeles, California, in which county the within-mentioned mailing occurred. My business address is 915 Wilshire Blvd, Suite 1650, Los Angeles, CA 90017.

On February 12, 2026, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the following parties:

**Thomas Joseph Goddard**
*1910 N. Main Street*
*Walnut Creek, CA 94596*
*Email: thomas@goddard.app*
*Email: thomas@lawz.app*

*Pro Se Plaintiff*

**XX** **(ELECTRONICALLY)** I caused this document(s) to be electronically filed with the court and a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil for all attorneys who have consented to electronic service. Attorneys not registered for the CM/ECF system or who did not consent to electronic service must be served as otherwise provided by the Federal Rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2026, at Los Angeles, California.

/s/ Tiffany Truong

Tiffany Truong

Kimball, Tirey & St. John LLP
Attorneys At Law